Taliaferro, J.
There is a motion to dismiss this appeal on the ground that each defendant is surety for the other on their appeal bonds, and it is contended that tiffs is inadmissible under the decisions of this court in the case in 12 L. B. 383, and in that in 18 An. 659. We think these cases are not in point. Here two married women, sisters, are sued jointly as heirs of their mother. Judgment is rendered against them jointly, each for her half of the debt against their ancestor. Neither is bound to pay the other’s share of the debt. When, therefore, they sign reciprocally each other’s appeal bond, each becomes *249 bound as surety for the other’s debt. The authorities cited refer to cases where the surety on the appeal bond is bound by the judgment to pay the debt for which he stands surety.
The motion to dismiss is overruled.
On the merits of the case it appears that the plaintiff sues the heirs of Mrs. E. M. Biley, deceased, for services rendered her as general manager and overseer of her plantation for several years at $400 per annum. The answer is a general denial aud the prescription of three years. The plaintiff had judgment for $580 against each of the defendants, and they have appealed.
The plaintiff, we think, has made out his case, which was tried before a jury, who rendered their verdict for $580, the remainder of the plaintiff’s claim beiug prescribed. On the part of the defendants it is urged that the answers filed by the defendants, married women, without the authorization of their husbands, are without effect, and the judgment rendered against them null, as they were not, in legal contemplation, in court, and could not stand in judgment. We think the objection without weight. The facts seem to be that the petition prays that the husbands be cited to appear and assist their wives in their defense. The answers are that defendants appearand for answer, etc. This, we think, is sufficient, and fulfills the requirements of the law.
It is therefore ordered that the judgment of the district court be affirmed with costs.
Behearing refused.
Howell, J., recused in this case.